T.C. Memo. 2002-133

UNITED STATES TAX COURT

THOMAS EDWARD VANSTONE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16335-99.                    Filed May 30, 2002.

Thomas Edward Vanstone, pro se.

Kevin M. Murphy, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Daniel J. Dinan pursuant to the provisions of section
7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

   [1]  Unless otherwise indicated, section references are to the
Internal Revenue Code as amended and Rule references are to the
Tax Court Rules of Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

DINAN, Special Trial Judge: Respondent determined that petitioner is not entitled to an abatement of interest with respect to petitioner's 1982 taxable year. The only issue for decision is whether respondent abused his discretion in failing to abate the assessment of interest.

### Background

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. On the date the petition was filed in this case, petitioner resided in Fairport, New York. Petitioner's individual net worth does not exceed $2 million.

Petitioner filed a Federal income tax return for taxable year 1982 on March 15, 1988. On this return, petitioner claimed a loss of $14,389 from a tax shelter partnership known as Neptune Associates. With respect to his overall tax liability, petitioner claimed an overpayment due to excess withholding of $3,734.66, and he requested that the overpayment be applied to his 1983 estimated tax. Petitioner attached a written statement to his return further explaining that he wanted the "refund" to be applied to his "1983 tax deficiency".

In May 1988, respondent notified petitioner that the correct amount of the overpayment was $3,721.66. This notice further stated that respondent was considering petitioner's claim for an overpayment, but that the period of limitations might have expired. In October 1989, respondent applied a portion of the 1982 overpayment as follows: $1,300.34 to petitioner's outstanding 1981 tax liability and $1,421.07 to petitioner's outstanding 1980 tax liability. In November 1989, respondent issued but immediately canceled a refund check to petitioner in the amount of $1,160.52. This amount reflects the $1,000.25 which was remaining from the 1982 overpayment, as well as $160.27 of accrued interest. Petitioner never received this check.

In the meantime, Golden Gate Associates, an entity related to Neptune Associates, had been under examination by respondent and had been involved in litigation before this Court. Golden Gate Associates agreed to a stipulated decision which was entered by this Court on August 20, 1996. On June 30, 1997, as a result of the stipulated decision, petitioner was assessed, as a computational adjustment, an additional tax liability of $4,210 for 1982, plus $17,166 in accrued interest.

Petitioner requested that respondent abate the interest with respect to his 1982 taxable year. The explanation for his claim was as follows:

> This claim for refund of interest is being filed as the result of a 1982 tax shelter recently concluded. A 1982

overpayment was applied against a 1983 tax liability. The tax was filed in March 1988. Interest was not applied to the overpayment of $3,734.66. Consequently, interest should be refunded for the period 4-5-83 to 3-4-88 and interest on the accrued interest from 3-4-88 to present. Apply proceeds to 1982 deficiency.

Further explanation was provided as follows:

A 1983 tax liability was partially offset by a 1982 tax overpayment of $3,734.66. Since the 1983 tax was filed on 3-4-88, interest should have accrued from 4-15-83 to 3-4-88. The attached 1983 1040 reflects the amount applied from the 1982 1040 return and the filing dates. Interest is due to the taxpayer on $3,734.66 from 4-15-83 to 3-4-88 and on the accrued interest from 3-4-88 to present. This claim is being filed at this time since the account has been frozen as the result of a 1982 tax shelter recently concluded. All proceeds will apply to the 1982 deficiency.

Respondent made a final determination that petitioner was not entitled to the abatement of interest.

Discussion

In his petition to this Court, petitioner argued in relevant part:

The Petition for Review of Failure to Abate Interest under Code Section 6404 covers tax year 1982 for which a Notice of Determination was issued and tax years 1980 and 1981 to which 1982 overpayment funds were erroneously transferred. The Commissioner of Internal Revenue abused discretion through actions in violation of IRC Section 6404 in the tax year directly at issue (1982) as well as in tax years 1980 and 1981 which were recipients of erroneous funds transfers, erroneous deficiency and interest calculations and unreasonable delays.

The remainder of the petition contained factual and legal allegations meant to provide examples of "erroneous actions, calculations and delays".

Pursuant to section 6404(e)(1), as it applies in this case, the Commissioner may abate the assessment of interest on: (1) Any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act or (2) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act. An error or delay is taken into account only (1) if no significant aspect of such error or delay can be attributed to the taxpayer, and (2) after the IRS has contacted the taxpayer in writing with respect to such deficiency or payment. Sec. 6404(e)(1).[2]

The Department of the Treasury has interpreted a ministerial act to be:

> a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act.

---

[2] In 1996, sec. 6404(e) was amended by sec. 301(a) of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to "unreasonable" errors or delays resulting from "managerial" acts as well as from ministerial acts. This amendment applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996. Id. sec. 301(c); Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999). The amendment therefore is inapplicable in this case.

Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30162, 30163 (Aug. 13, 1987).[3]

Even where errors or delays are present, the decision to abate interest remains discretionary. Sec. 6404(e)(1). This Court may order an abatement only where the Commissioner's failure to abate interest was an abuse of that discretion. Sec. 6404(h)(1).[4] The Commissioner's exercise of discretion is entitled to due deference; in order to prevail, the taxpayer must demonstrate that in not abating interest, the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Like all Federal courts, the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In proceedings brought by taxpayers under section 6404(h), as is the case before us, the jurisdiction of this Court is limited to a determination as to

---

[3] The final regulations under sec. 6404 contain the same definition of a ministerial act as the temporary regulations. Sec. 301.6404-2(b)(2), Proced. & Admin. Regs. However, the final regulations do not apply in this case because they apply only to interest accruing with respect to deficiencies or payments for taxable years beginning after July 30, 1996. Id. par. (d).

[4] Sec. 6404(h) was formerly designated as sec. 6404(i), and before that as sec. 6404(g).

whether the Commissioner abused his discretion in declining to abate any portion of the interest under section 6404.  Sec. 6404(h)(1).

None of petitioner's assertions provide a basis for respondent to have abated the assessment of interest under section 6404 with respect to petitioner's taxable year 1982. Petitioner's primary argument in the request for an abatement seems to have been that he should be credited with interest on a 1982 overpayment from the time the tax was due until the time he filed his return showing an overpayment, delinquent by nearly 5 years.  This argument does not directly address the abatement issue.  We note, however, that a taxpayer is never entitled to the payment of interest on an overpayment with respect to the time period preceding the filing of an untimely return.  Sec. 6611(b)(3).

Most of petitioner's other assertions concern the accuracy of respondent's deficiency calculations for taxable years 1980, 1981, and 1982, and the appropriateness of respondent's crediting a portion of the 1982 overpayment to 1980 and 1981.  First, the accuracy of any deficiency determined by respondent for any such year is not before this Court.  Second, even if respondent should not have credited the 1982 withholding overpayment to the prior years because the period of limitations for crediting or refunding that overpayment has expired, see secs. 6402(a),

6511(b)(2)(A), this would not be grounds for abatement of interest under section 6404. Petitioner argues that the crediting was in error because the 1980 and 1981 deficiencies, and corresponding interest calculations, were in error. However, we infer that respondent was applying Federal tax law with respect to the determination of the deficiencies and interest thereon, and with respect to the decision concerning the applicable period of limitations. Respondent's decisions concerning the proper application of Federal tax law are not ministerial acts. Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30162, 30163 (Aug. 13, 1987).

The only remaining relevant assertion by petitioner with respect to the 1982 taxable year is the following, contained in the petition:

> The Secretary exhibited "unreasonable delay" in signing a Decision Document (1982 tax year) on August 13, 1996 after the Tax Matters Partner had signed the Decision Document thirteen months earlier on July 6, 1995.

This is the only assertion in which petitioner has made a correlation between a specific time period and an alleged error or delay in the performance of a ministerial act. See Berry v. Commissioner, T.C. Memo. 2001-323; Donovan v. Commissioner, T.C. Memo. 2000-220. However, there is no evidence in the record supporting this assertion; even the dates the decision document was signed have not been shown. Such a naked assertion cannot be the basis for finding an abuse of discretion.

Accordingly, we conclude that there is no abuse of discretion in respondent's failure to abate interest in this case.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.